George T. Freeman  
Attorney for Plaintiff  
1152 P Street  
Anchorage, Alaska 99501  
Telephone: 907-274-8497  
Facsimile:  907-274-8497  
Email: gtf@gci.net

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENAI PENINSULA CHAPTER - ALASKA FARM BUREAU, INC.<br><br>                Plaintiff,<br><br>     vs.<br><br>MIKE JOHANNS, in his official capacity as the Secretary of the United States Department of Agriculture, UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY, an agency of the United States Department of Agriculture, ALASKA FARM SERVICE AGENCY, an administrative Division of the Farm Service Agency, and CHAD PADGETT, in his official capacity as the State Executive Director of the Alaska Farm Service Agency,<br><br>                Defendants.<br>_____ | **COMPLAINT**<br>**FOR DECLARATORY**<br>**AND INJUNCTIVE RELIEF**<br><br>(28 U.S.C. Sections 1331, 2201, 2202; and Agricultural, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act of 2006 - Pub. L. No. 109-97; 119 Stat. 2120)<br><br><br><br>Case No. _____CV (     ) |

Plaintiff KENAI PENINSULA CHAPTER-ALASKA FARM BUREAU, INC. ("Kenai Farm Bureau"), by and through its undersigned attorney, for its complaint for declaratory and injunctive relief against Defendants MIKE JOHANNS, in his official

capacity as the Secretary of the United States Department of Agriculture ("Secretary"), UNITED STATES DEPARTMENTOF AGRICULTURE ("USDA"), FARM SERVICE AGENCY ("FSA"), ALASKA FARM SERVICE AGENCY ("AFSA") and CHAD PADGETT ("Padgett"), in his official capacity as the State Executive Director of the Alaska Farm Service Agency, state and allege as follows:

## I.  JURISDICTION

1. Jurisdiction over this action is conferred by 28 U.S.C. Sections 1331 (federal question), 2201 (declaratory relief) and 2202 (injunctive relief). Plaintiff brings its claims pursuant to the Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act of 2006 [Pub .L. No. 109-97; 119 Stat. 2120].

## II.  VENUE

2. Venue is properly vested in this court pursuant to 28 U.S.C. § 1391(e) and Local Rule 3.3(a) because the Defendant Secretary and the Defendant Padgett are "officer[s] or employee[s] of the United States or any agency thereof acting in [their] official capacit[ies]", Defendants USDA, FSA and AFSA are "Agenc[ies] of the United States", and "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

2

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____

## III.   PARTIES

3.   Plaintiff Kenai Farm Bureau is a membership nonprofit corporation organized under the laws of Alaska and its registered office is at 57580 Reinhart Drive, Homer, Alaska 99603. The Kenai Farm Bureau exists to promote, protect and represent the business, economic, social and educational interests of the farm family, and to develop agriculture generally within the State of Alaska.  The members of the Kenai Farm Bureau participate in FSA programs.[1]

4.   The Defendants in this action are:

A.   Mike Johanns ("Secretary") in his official capacity as the Secretary of the United States Department of Agriculture;

B.   The United States Department of Agriculture ("USDA"), a political subdivision of the government of the United States of America;

C.   The Farm Service Agency, an agency of the United States Department of Agriculture.  FSA offers a wide assortment of programs and services to farmers, ranchers, and fishermen, including: farm operating and ownership loans, commodity price supports, conservation program payments and disaster assistance. FSA has established a system of state offices to provide administrative and program support for local county

---

[1]   The statutory scheme uses the term "county" and this term is used in Alaska even though Alaska has "boroughs."

3

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____

offices of the United States Department of Agriculture Farm Service Agency.[2] FSA's state operations are overseen by an appointed State Executive Director ("SED") and an appointed State Committee ("STC").[3] The Alaska State FSA Office is called the Alaska Farm Service Agency and is located at 800 West Evergreen Street, Suite 216, Palmer, Alaska 99645-6539;

D. The Alaska Farm Service Agency ("AFSA") is an administrative division of the USDA's Farm Service Agency; and

E. Chad Padgett ("Padgett" or "SED"), in his official capacity as the State Executive Director of the Alaska Farm Service Agency.

## IV. STATUTORY BACKGROUND

5. Public Law 109-97, the Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act, 2006, hereinafter "the Act" was enacted November 10, 2005. Title I of the Act appropriated $1,030,000,000.00 "for carrying out the administration and implementation of programs administered by the

---

[2] The Agricultural Adjustment Act of 1938, Pub. L. No. 75-430, Stat. 31 (originally cited as ch. 30, 52 Stat. 31), requires the Secretary of Agriculture to use locally elected county committees to carry out certain programs.

[3] *See* 7 C.F.R. Section 7.4 ("State committee members shall be selected by the Secretary and shall serve at the pleasure of the Secretary. County and community committee members shall be elected in accordance with Section 7.9 of this part.").

4

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. _____

Farm Service Agency." The Act further provided:

> That none of the funds made available by this Act may be used to pay the salaries or expenses of any officer or employee of the United States Department of Agriculture to close any local or county office of the Farm Service Agency unless the Secretary of Agriculture, not later than 30 days after the date on which the Secretary proposed the closure, holds a public meeting about the proposed closure in the county in which the local office is located, and, after the public meeting but not later than 120 days before the date on which the Secretary approves the closure, notifies the Committee on Agriculture, Nutrition, and Forestry and the Committee on Appropriations of the Senate, and the members of Congress from the State in which the local or county office is located of the proposed closure.[4]

6.     The joint explanatory statement of the conferees encouraged a cautious approach toward any FSA county office closure.[5]  The Congressional Research Service report states county offices could not be shut down or consolidated "unless rigorous analysis proves such action to be cost-effective."[6]  Subsequent to passage of the Act, FSA issued an instruction to all SED's establishing the protocols to be followed by each State to develop and recommend county office closure and/or consolidation plans.[7]  The

---

[4]  *See* Exhibit 1, page 2 from the Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act of 2006 [Pub. L. No. 109-97; 119 Stat. 2120].

[5]  *See* Exhibit 2, page 6 from the Congressional Research Service Report for Congress, Agriculture and Related Agencies: FY 2006 Appropriations, Updated July 19, 2005 [*available at* http//www.nationalaglawcenter.org/assets/crs/RL32904.pdf].

[6]  *See Id*.

[7]  *See* Exhibit 3, Memorandum to all State Executive Directors from FSA Administrator Teresa Lasseter dated January 13, 2006.

5

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____

instruction expressly acknowledged "the long-standing intent of Congress that office closures and relocations should occur based on rigorous analysis to ensure actions are cost-effective and will better serve the public."[8]   The instruction further stated that "[l]ocal, State and national FSA employees are committed to open and transparent communications as FSA becomes better positioned for the future."[9]

## V. DECLARATORY AND INJUNCTIVE RELIEF SOUGHT BY PLAINTIFF

7.    As further stated below, Kenai Farm Bureau seeks declaratory relief and injunctive relief determining and ordering:

A.   That the county FSA office closures and consolidations recommended for Alaska were not based on rigorous analysis to ensure cost-effectiveness;

B.   That the county FSA office closures and consolidations recommended for Alaska will not result in better service to the public;

C.   That the Secretary and FSA denied adversely affected stakeholders any bonafide opportunity for input into Alaska's restructuring plan;

D.   That the Alaska restructuring plan creates an impermissible barrier to geographically disadvantaged farmers and ranchers participating equitably

---

[8]   *Id.*
[9]   *Id.*

6

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____

    in FSA administered programs;[10]

E. That the Secretary, USDA, FSA, AFSA and Padgett must cease and desist all efforts to close or relocate county offices until such time as it has fully complied with Public Law No. 109-97 and related procedure.

F. Temporary, preliminary and permanent injunctive relief ordering the defendants to cease and stop all efforts to close or relocate county offices and ordering the defendant to comply fully with Public Law 109-97 and related procedure.

## VI.    FACTS AND ALLEGATIONS

8. SED Padgett, AFSA, FSA, USDA and the Secretary intend to close the Homer County FSA Office on May 27, 2006 pursuant to the arbitrary and capricious process and restructuring plan that failed to comply with Public Law 109-97 and related procedure.

9. Alaska SED Chad Padgett organized a restructuring task force more than two years before enactment of Public Law No. 109-97. The task force was comprised of

---

[10] Alaskan farmers and ranchers are by definition "geographically disadvantaged" since they reside in "a State other than 1 of the 48 contiguous States." *See* Farm Security and Rural Investment Act of 2002, Pub. L. No. 107-171; 116 Stat. 134 at Title X, Subtitle J, Section 109 (a)(2); *see also* explanatory note 4 to 7 USCS Section 2204 (referencing statutory definition and report on geographically disadvantaged farmers and ranchers).

7

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. _____

the Alaska STC Chairman, two Alaska State FSA Office employees and one FSA County Office employee from northern Alaska. The employees on the task force at the time it was formed had been in Alaska less than three years. The other two members of the Alaska STC were not aware of the task force or its mission until much later. SED Padgett's task force had developed a restructuring plan by November of 2004. Padgett was instructed by his superiors, however, not to move forward with that plan pending announcement and implementation of a comprehensive national restructuring plan known commonly as "FSA Tomorrow."

   10. Before restructure, Alaska had four county FSA offices as follows: 1) Delta County FSA Service Center at Delta Junction, 2) Fairbanks County FSA Service Center at Fairbanks, 3), Homer County FSA Service Center at Homer, and 4) Palmer County FSA Service Center at Wasilla.

   11. SED Padgett's original restructuring plan contemplated 1) combining the Delta and Fairbanks County offices into one office at Fairbanks with a sub-office at Delta Junction, and 2) closing the Homer and Palmer County Offices and relocating a combined County Office to Anchorage. The Alaska STC officially discussed the original plan on May 2, 2005.

   12. The Homer and Palmer FSA County Committee Chairpersons and County

8

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. _____

Executive Directors met with the Alaska STC on May 12, 2005, to discuss the original restructure plan. The SED instructed the County Committee Chairpersons to discuss the plan only with their respective committees and not to involve the public.

13.     On June 7-8, 2005, the Alaska STC met with the Fairbanks and Delta FSA County committees on the original restructure plan. The STC voted to combine the Homer and Palmer County Offices without deciding the exact location of the resulting office.

14.     On June 17, 2005, Alaska SED Chad Padgett scheduled an emergency meeting of the Alaska State Food and Agriculture Committee ("FAC") for the morning of June 20, 2005.[11] The purpose of the emergency meeting was to vote on the original restructure plan for forwarding to FSA for approval.

15.     On the evening of June 17, 2005, Alaska SED Padgett met with the Kenai Farm Bureau to discuss his original restructure plan. Mr. Padgett did not provide the members with any data or analysis to support that the proposed plan was cost-effective. He did maintain that it would result in better service because the relocated offices would be nearer to transportation hubs. Even though the plan was unanimously opposed, Mr.

---

[11]     The State Food and Agriculture Committee is comprised of the SED of the Farm Service Agency, the State Conservationist for the Natural Resources and Conservation Service and the State Director of the Rural Development Agency.

9

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____

Padgett informed the attendees that nothing would change his mind regarding his intention to close the Homer Office. Mr. Padgett did invite the attendees to contact other members of the State FAC to voice their concerns, however, he did not inform them that it would be voting on the plan early on the following Monday morning.

16. On the morning of June 20, 2005, the State FAC voted to adopt the original restructure plan and forwarded it to the national office for approval. The vote was taken before any members of the Kenai Farm Bureau had an opportunity to voice their concerns to the other members of the State FAC.

17. On July 12, 2005, the Alaska Association of Conservation Districts passed a resolution opposing any statewide FSA restructuring.

18. On August 1, 2005, the Homer Soil and Water Conservation District adopted resolutions opposing the Alaska Restructure Plan and requesting minutes of all meetings relating to the plan. SED Padgett denied a request for minutes of the State FAC meeting of June 20, 2005.

19. On November 10, 2005, a public meeting was held in Palmer regarding Alaska's original restructure plan. Comments received were unanimously in opposition to the plan. The Palmer public meeting was held on the same date that Public Law 109-97 was enacted.

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. _____

20. On November 17, 2005, a public meeting was held in the Homer County FSA Office. The facility was unable to accommodate the number attending and many had to stand in the stairwell such that they could not participate. SED Chad Padgett denied a request to hold the meeting at an alternate location to accommodate public participation.

21. STC Chairperson Bill Ward announced at the beginning of the Homer public meeting that it was the policy of the Alaska SED, the Alaska STC and the Alaska State Office to restructure. He further stated that the only matter for discussion was where the office serving the combined Homer and Palmer counties would be located. SED Chad Padgett stated that he would not leave all the offices open and stop the restructure if funding was not an issue.[12]

22. On November 31, 2005, a public meeting was held in Fairbanks. At this time, the plan had changed such that it now provided for a headquarters office in Fairbanks with a satellite office at Delta. All comments opposed the plan.

23. On December 1, 2005, a public meeting was held in Delta. All comments received were in opposition to the plan.

24. The Alaska STC had agreed to take public comments and allow participants to witness the discussion and vote on the restructure plan via teleconference on January 19, 2006. However, STC Chairperson Bill Ward arbitrarily terminated the teleconference

11

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. _____

such that participants were not allowed to witness anything beyond the public comments.

25. At its January 19th meeting, the Alaska STC voted to consolidate the Homer and Palmer County Offices into one office and locate it with the FSA State Office in Palmer. It also voted to consolidate the Fairbanks and Delta County Offices into the existing county office at Delta which is where STC Chairperson Bill Ward lives.

26. The restructure plan approved by the Alaska STC at its January 19, 2006, meeting is materially different from the plan that was recommended by the State FAC to the national FAC and the Secretary of Agriculture.

27. Despite the material differences between the original restructure plan endorsed by the State FAC and the one approved by the STC on January 19, 2006, FSA is moving forward with the latter plan. The Homer and Palmer County Offices are scheduled for closing on May 28, 2006.

28. On February 24, 2006, the Kenai Farm Bureau drafted and began circulating a petition to protest Alaska SED Chad Padgett's and STC Chairperson Bill Ward's attempt to pursue personal agendas with respect to restructuring at the expense of Alaska's farmers, ranchers and fishermen.[13]

29. FSA began restructure planning for Alaska prior to enactment of Public

---

[12]    *See* Exhibit 4.

12

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. _____

Law 109-97.

30. SED Chad Padgett's before-the-fact task force did not include any producers or representatives from southern Alaska or from adversely affected Native groups.

31. There was no bonafide opportunity for stakeholder input into either the original or the present restructuring plan.

32. There has been no public comment invited or allowed on the plan approved by the Alaska State Committee on January 19, 2006.

33. The State FAC has not voted to recommend the restructuring plan currently being implemented in Alaska.

34. Despite repeated requests, Alaska SED Chad Padgett has refused to provide the rigorous analysis that justified either his original restructuring plan or the plan that is currently being implemented.

35. Despite repeated requests, Alaska SED Chad Padgett and the Alaska STC have refused to explain how either the original restructure plan or the plan that is being implemented is cost-effective.

36. Despite repeated requests, Alaska SED Chad Padgett and the Alaska STC have refused to explain how either the original restructure plan or the plan that is being

---

[13] *See* Exhibit 5.

13

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____

implemented will result in better service to the public.

37.     Despite repeated requests, Alaska SED Chad Padgett and the Alaska STC have refused to explain how producers in southern Alaska in general, and Native groups and other off-road producers in particular, will be able to participate in FSA programs given the great distances they will have to travel.

38.     Producers currently serviced by the Fairbanks County office will have to travel approximately an additional one hundred miles to access the Delta County office. By contrast, a producer from Homer area will have to travel two hundred seventy miles to access the office at Palmer.

39.     Travel distances and times for Aleutian and Kodiak producers currently served by the Homer County office will be even more burdensome. They are already dependent upon ferry service to Homer to access their FSA office. Now, they will have to take the ferry and then drive several hundred miles further to Palmer.

40.     The restructuring plan advanced by SED Chad Padgett and STC Chairperson Bill Ward was deliberately contrived to allow otherwise ineligible crop land to qualify for enrollment into the Conservation Reserve Program under redrawn county boundaries.[14]

---

14

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____

## COUNT I

## REQUEST FOR DECLARATORY JUDGMENT

41. Kenai Farm Bureau incorporates by reference all facts and allegations previously stated herein.

43. Kenai Farm Bureau seeks a declaratory judgment pursuant to Title 28, United States Code, Section 2201, for the purpose of determining actual controversy between the parties and asks the Court to make the following declarations or findings:

A. That Alaska's restructuring plan is subject to Public Law No. 109-97 and that public funds can not be used in the restructuring unless it complies with the statute and related procedure.

B. That Public Law No. 109-97 required FSA and AFSA to engage in rigorous analysis to ensure that any restructuring actions were cost-effective and resulted in better service to the public.

C. That the defendants failed to comply with Public Law No. 109-97 and acted arbitrarily and capriciously because they failed to engage in any rigorous analysis of either the cost-effectiveness or the affect on service to the public before recommending a restructuring plan to the Secretary of Agriculture.

---

[14] Conservation Reserve Program limits enrollment to 25 percent of the total cropland in a county.  *See* 7 C.F.R. Section 1410.4.

15

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____

D.  That the defendants failed to comply with Public Law No. 109-97 and acted arbitrarily and capriciously because they denied interested stakeholders any bonafide opportunity for input into its restructuring plan.

E.  That the defendants failed to comply with Public Law No. 109-97 and acted arbitrarily and capriciously because they deliberately ignored analysis and evidence contrary to its preferred outcome in developing the restructuring plan it recommended to the Secretary of Agriculture.

F.  That the defendants failed to comply with Public Law No. 109-97 and acted arbitrarily and capriciously because the modest savings to the Department of Agriculture, if any, from the restructuring planned for Alaska are not cost-effective and will make it impracticable for producers from southern Alaska to participate in Farm Service Agency programs.

G.  That the defendants failed to comply with Public Law No. 109-97 and acted arbitrarily and capriciously by adopting a restructuring plan without meaningful public input or rigorous cost-effectiveness analysis that creates an impermissible barrier to geographically disadvantaged farmers and ranchers participating equitably in FSA administered programs.

H.  That the defendants FSA restructuring plan for Alaska violates Public Law

16

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____

109-97 because it allows appropriated funds to be used to close county FSA offices without justification as Congress intended.

I. That the Kenai Farm Bureau and other interested stakeholders are entitled to know the nature and extent of the analysis justifying the restructuring plan for Alaska.

J. That the Kenai Farm Bureau and other interested stakeholders are entitled to challenge the analysis supporting the restructuring plan for Alaska and to offer analysis, arguments or evidence of their own in opposition.

K. That the Secretary, FSA, AFSA and Padgett are required to consider any such analysis, argument or evidence before implementing any restructuring plan.

L. That the Secretary, USDA, FSA, AFSA and Padgett must cease and stop all efforts to close or relocate county offices and that future action of the defendants must fully comply with Public Law 109-97 and related procedure.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF

44. Kenai Farm Bureau incorporates by reference all facts and allegations previously stated herein.

17

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____

45.     Kenai Farm Bureau does not have an adequate remedy at law for the threatened closing of the Homer County FSA Office on May 27, 2006 and the Kenai Farm Bureau and its members will suffer irreparable harm unless the threatened act of closing the Homer County FSA Office on May 27, 2006 is enjoined by this Court.

46.     Kenai Farm Bureau is entitled to temporary, preliminary and permanent injunctive relief pursuant to Title 28, United States Code, Section 2202 ordering the Secretary, USDA, FSA, AFSA and Padgett to immediately cease and desist all efforts to close or relocate the Homer County FSA Office on May 27, 2006 and other county offices and preserving the status quo and ordering the defendants to comply fully with Public Law No. 109-97 and related procedure.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kenai Farm Bureau requests that the Court grant the following relief against the defendants Secretary, USDA, FSA, AFSA and Padgett:

1.     Adjudge and declare that the defendants restructuring plan for Alaska violates Public Law No. 109-97 because it allows appropriated funds to be used to close county FSA offices without required justification as intended by Congress;

2.     Adjudge and declare the rights and obligations of the parties as more fully set forth and declare such other rights and obligations necessary to meet the requirements

18

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____

of Public Law No. 109-97;

    3.    An immediate temporary restraining order preserving the status quo and stopping the defendants from closing the Homer County FSA Office on May 27, 2006;

    4.    Preliminary and permanent orders enjoining the defendants from closing the Homer County FSA Office on May 27, 2006 and other county FSA offices.

    5.    Order the defendants to comply fully with Public Law No. 109-97 and related procedure.

    6.    Granting such other relief that the Court deems just and proper.

## **NO JURY DEMAND**

Plaintiff does <u>not</u> demand a jury trial.

DATED at Anchorage, Alaska this 28th day of April 2006.

            GEORGE T. FREEMAN
            Attorney for Plaintiff


            s/George T. Freeman
            1152 P Street
            Anchorage, Alaska 99501
            Telephone: 907-274-8497
            Facsimile:  907-274-8497
            Email: gtf@gci.net
            Alaska Bar No. 7806039

Complaint for Declaratory and Injunctive Relief
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc.  v. Johanns, et al.*
Case No. _____