George T. Freeman
Attorney for Plaintiff
1152 P Street
Anchorage, AK 99501
Tel: (907)274-8497
Fax: (907)274-8497
Email: gtf@gci.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENAI PENINSULA CHAPTER - ALASKA FARM BUREAU, INC.<br><br>Plaintiff,<br><br>vs.<br><br>MIKE JOHANNS, in his official capacity as the Secretary of the United States Department of Agriculture, UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY, an agency of the United States Department of Agriculture, ALASKA FARM SERVICE AGENCY, an administrative Division of the Farm Service Agency, and CHAD PADGETT, in his official capacity as the State Executive Director of the Alaska Farm Service Agency,<br><br>Defendants. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF**<br><br>Case no. 3:06-CV-00098 RRB |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF**

## I. INTRODUCTION

FSA is an acronym for USDA's Farm Service Agency. FSA delivers a variety of federal programs and services through its "county" or local offices in each state. The Homer County FSA Service Center in Homer, Alaska is scheduled to close on May 27, 2006. After that date, FSA plans to administer programs for producers currently served by the Homer FSA Office from an office in Palmer, Alaska. As alleged in its Complaint, Plaintiff believes that FSA's restructuring plan, which includes closing the Homer County FSA Service Center, is directly contrary to the language and intent of recently enacted federal statute. Thus, the ultimate resolution of this controversy will involve statutory interpretation and construction. Plaintiff asks the Court to restrain the Agency from closing the Homer County FSA Service Center until it has decided the merits of its Complaint for Declaratory Relief to avoid irreparable harm to farmers, ranchers and fishermen in southern Alaska.

## II. BACKGROUND

The Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act, 2006[1] (hereinafter "the Act"), appropriated funds for FSA's

[1] 109 P.L. 97; 119 Stat. 2120 was enacted on November 10, 2005. It provided: "That none of the funds made available by this Act may be used to pay the salaries or expenses of any officer or employee of the United States Department of Agriculture to close any local or county office of the Farm Service Agency unless the Secretary of Agriculture, not later than 30 days after the date on which the Secretary proposed the closure, holds a public meeting about the

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

2

ongoing administrative operations. It prohibited use of any such appropriated funds to close County FSA offices unless "the Secretary of Agriculture, not later than 30 days after the date on which the Secretary proposed the closure, holds a public meeting about the proposed closure in the county in which the local office is located, and, after the public meeting but not later than 120 days before the date on which the Secretary approves the closure, notifies the Committee on Agriculture, Nutrition, and Forestry and the Committee on Appropriations of the Senate."[2]

Alaska FSA State Executive Director Chad Padgett ("SED") began restructuring planning well before Congress imposed the public meeting requirement.[3] On May 12th of 2005, he proposed an original restructuring plan to the Alaska FSA State Committee ("STC").[4] The original plan called for closing the Homer and Palmer County FSA Offices and combining them into a relocated office near Anchorage.[5] The original plan also called for combining the Delta and Fairbanks County FSA Offices into one office at Fairbanks with a sub-office at Delta Junction that would be serviced by the Fairbanks office.[6] The original plan was justified on the

---

proposed closure in the county in which the local office is located, and, after the public meeting but not later than 120 days before the date on which the Secretary approves the closure, notifies the Committee on Agriculture, Nutrition, and Forestry and the Committee on Appropriations of the Senate, and the members of Congress from the State in which the local or county office is located of the proposed closure."

[2] *See id.*

[3] *See* attached Affidavit of Bruce Willard in Support of Plaintiff's Motion, hereinafter "Willard Affidavit", at ¶ 3.

[4] *See* Willard Affidavit at ¶ 4.

[5] *See id.*

[6] *See id.*

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

3

basis that the remaining offices would be located near transportation hubs.[7] The SED instructed subordinates not to discuss his original restructuring plan with the public.[8]

The SED publicly announced his original restructuring plan at a June 17th regular meeting of the Kenai Peninsula Chapter of the Alaska Farm Bureau.[9] The SED invited the attendees to share their concerns and objections with other members of the Alaska Food and Agriculture Committee/Council ("FAC") who would be voting on whether to recommend the plan to their national offices. However, the SED failed to inform them that the State FAC would be voting on the original plan the following Monday.[10] Consequently, those attending were unable to communicate their concerns to the other members of the State FAC before it voted to recommend the plan.[11]

Adversely affected producers unanimously opposed the SED's original restructuring plan and his underhanded tactics.[12] Their objections notwithstanding, FSA moved forward with its restructuring plan. FSA held a public meeting on its plan in Homer on November 17, 2005.[13] The Secretary of Agriculture notified the Chairmen of the House and Senate Subcommittees on

---

7 *See id*.

8 *See* attached Affidavit of James Van Oss in Support of Plaintiff's Motion, hereinafter "Van Oss Affidavit", at ¶ 5.

9 *See* attached Affidavit of Mark Marette in Support of Plaintiff's Motion, hereinafter "Marette Affidavit", at ¶ 3.

10 *See id.*

11 *See id.*

12 *See e.g.*, Van Oss Affidavit at ¶ 7; *see also* Exhibit 5 to Complaint for Declaratory Relief [Docket Entry No. 1].

13 *See* Willard Affidavit at ¶ 5.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

4

Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Committee on Appropriations by letter dated December 9, 2005, that the Homer and Delta County FSA Offices would be closed pursuant to recommendation and approval by the State and National FACs.[14]

On January 19, 2006, the Alaska STC voted to close the Homer and Palmer County FSA Offices and relocate them into a combined office with the State FSA Office at Palmer and to close the Fairbanks County FSA Office instead of the Delta County FSA Office as was represented to Congress.[15] The STC subsequently refused to reconsider that decision or to entertain arguments and recommendations relating thereto from elected representatives of adversely affected producers.[16] There has been no public comment in Homer or elsewhere on the plan which was approved by the Alaska STC on January 19, 2006 that is presently being implemented in Alaska.[17]

**III. ARGUMENT**

Plaintiff seeks immediate temporary relief that restrains Defendants from further proceeding with the pending closure of the Homer County FSA Service Center until this Court decides the matters that Plaintiff raises in its Complaint for Declaratory Relief.

The criteria for a temporary restraining order and a preliminary injunction are the same.

---

[14] *See* Van Oss Affidavit at ¶ 13.
[15] *See* Willard Affidavit at ¶ 6.
[16] *See id.* at ¶ 9.
[17] *See* Marette Affidavit at ¶ 6.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

5

Under the "traditional criteria", a court may grant preliminary injunctive relief if a plaintiff shows "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of the hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Earth Island Institute v. United States Forest Service, et al*., 351 F.3d 1291, 1297 (9th Cir. 2003) (quoting *Johnson v. Cal. State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995).

Alternatively, a court may grant relief where the plaintiff "demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.* (emphasis added). These criteria are not separate tests, rather, they represent "extremes in a single continuum." *Id.* (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810 (9th Cir. 2003)(emphasis added). The "greater the relative hardship on [plaintiff], the less probability of success must be shown." *Id.* The Court enjoys broad discretion in fashioning injunctive relief in this instance because matters of public, rather than purely private, interests are at issue. *Northern Alaska Environmental Center v. Hodel et al*., 803 F.2d 466, 471 (9th Cir. 1986)(citing *People ex rel. Van de Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1324(9th Cir. 1985), *amended*, 775 F.2d 998 (9th Cir. 1985)).

Plaintiff's request for relief satisfies either test as follows:

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

6

**A. There is a strong likelihood that Plaintiff will succeed on the merits.**

**1. *Alaska's restructuring plan violates express statutory requirements.***

The Act expressly forbids use of appropriated funds to close any "local or county office of the Farm Service Agency unless the Secretary of Agriculture, not later than 30 days after the date on which the Secretary proposed the closure, holds a public meeting about the closure in the county in which the local office is located" and notifies Congress of his intent to close any such office at least 120 days prior to approving its closure.[18]

The Secretary noticed Congress on December 9, 2005 of his intent to: 1) close the Homer FSA Office and service its producers from the Palmer FSA Office; 2) close the Delta FSA Office and service its producers from the Fairbanks FSA Office through a sub-office at Delta Junction.[19] The Secretary justified his plan to close the Delta Office on the basis that Fairbanks was a "major transportation hub" such that it would "give us the ability to serve producers in the entire northern region."[20] However, his notice to Congress was silent as to servicing southern Alaskan producers and offered no justification for closing the office at Homer.[21]

The plan now being implemented was approved by the Alaska STC on January 19, 2006.[22] It is not the plan recommended by the Alaska FAC and forwarded to the National FAC

---

[18] *See supra*, note 1.
[19] *See* Van Oss Affidavit at ¶ 13.
[20] *See id.*
[21] *See id.*
[22] *See* Willard Affidavit at ¶ 6.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

7

for approval on June 20, 2005.[23] The plan recommended by the Alaska FAC was to close the Homer and Delta offices.[24] The plan being implemented closes the Homer and Fairbanks offices.[25] Consequently, the Secretary's representation to Congress that the consolidations being undertaken "were reviewed and approved by the National Food and Agriculture Council" is patently false.[26] Moreover, there have been no public meetings in either Fairbanks or Homer on the plan approved by the Alaska STC on January 19, 2006, a plan that is materially different from the one the Secretary noticed to Congress on December 9, 2005.[27] Thus, the Secretary has not given Congress at least 120 days notice as expressly required by the Act.[28]

### 2. ***Alaska's restructuring plan violates the intent of Congress.***

The joint conferees report clearly articulated Congress' expectations with respect to FSA restructuring. It instructed USDA to take a cautious approach and not to close down or consolidate any FSA county office "unless rigorous analysis proves such action cost-effective."[29] There has been no rigorous analysis of the plan being implemented. In fact, the only justification for the original plan and the one noticed to Congress was that the restructured offices would be

---

[23] *See* Van Oss Affidavit at ¶ 5.
[24] *See* Marette Affidavit at ¶ 3.
[25] *See* Willard Affidavit at ¶ 6.
[26] *See* Van Oss Affidavit at ¶¶ 14-15.
[27] *See id.* at ¶ 14; *see also* Marette Affidavit at ¶ 7.
[28] *See supra*, note 1.
[29] *See* Congressional Research Service Report at page 6 of Exhibit 2 to Plaintiff's Complaint [Docket Entry 1-3].

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

8

located at "transportation hubs."[30]   This was the sole justification the Secretary provided

Congress.[31]   However, neither Delta nor Palmer can be fairly characterized as transportation

hubs.[32]

From the outset of Alaska's restructuring effort, Defendants have purposely denied

producers any bona fide opportunity to comment on the plan or offer contrary analysis for

consideration.[33] Defendants also refused to provide any analysis to justify either the original or

the current restructuring plan.[34]   Moreover, Defendants intentionally ignored recommendations

by the elected representatives of the producers FSA exists to serve which was contrary to their

preferred outcome.[35]   Rather than approaching restructure cautiously and supporting any plan

with rigorous analysis as mandated by Congress, Defendants attempt to shoehorn a bastardized

plan without justification or public input.[36]

Defendants acknowledge that Congress intended for FSA restructuring efforts be open

and transparent.[37] Alaska's efforts have hardly been so. SED Padgett developed his original plan

---

[30]   *See* attached Affidavit of Victor Merculief, Sr. in Support of Plaintiff's Motion, hereinafter "Merculief Affidavit", at ¶ 3; *see also*: Willard Affidavit at ¶ 4; Marette Affidavit at ¶ 3; Van Oss Affidavit at ¶ 13.

[31]   *See* Van Oss Affidavit at ¶ 13.

[32]   *See* Willard Affidavit at ¶ 8.

[33]   *See e.g.*, Marette Affidavit at ¶¶ 3, 4; Van Oss Affidavit at ¶¶ 5-6.

[34]   *See* Marette Affidavit at ¶ 5; Merculief Affidavit at ¶ 6. Van Oss Affidavit at ¶¶ 6, 10.

[35]   *See* Willard Affidavit at ¶ 9.

[36]   *See id*. at ¶ 7.

[37]   *See* Exhibit 3 to Plaintiff's Complaint [Docket Entry No. 1-4].

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

9

clandestinely without even fully informing his own STC.[38] Padgett also expressly instructed subordinates not to make the public aware of his restructuring plans.[39] A makeshift public meeting was held in Homer on November 17, 2005, to discuss SED Padgett's original restructuring plan.[40] However, it was not a public meeting in the sense that attendees were allowed to comment for input into the plan or to offer contrary analysis.[41] Rather, it was announced at the outset that the decision had already been made to close the Homer office such that the only issue for discussion was where to locate a combined Homer and Palmer County Service Center.[42] Instead of being open and transparent, Alaska's FSA restructuring has been intentionally secretive.[43]

Defendants also acknowledge that Congress intended that any FSA restructuring undertaken must result in better service to the public.[44] Despite this, they have never explained how producers in southern Alaska will be better served by an office in Palmer.[45] Indeed, producers from southern Alaska are unanimously opposed to the plan because access to an office at Palmer is impracticable given the distances involved.[46] Many FSA programs and services

---

38 *See* Willard Affidavit at ¶ 3.
39 *See* Van Oss Affidavit at ¶ 5.
40 *See* Willard Affidavit at ¶ 5.
41 *See* Willard Affidavit at ¶ 5.
42 *See id.*
43 *See id*. at ¶ 6; Van Oss Affidavit at ¶ 9.
44 *See* Exhibit 3 to Plaintiff's Complaint [Docket Entry No. 1-4].
45 *See* Willard Affidavit at ¶ 11; Van Oss Affidavit at ¶ 10.
46 *See* Marette Affidavit at ¶ 7; Merculief Affidavit at ¶ 5; Rainwater Affidavit at ¶ 3;

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

10

simply cannot be delivered remotely.[47] Moreover, the restructuring plan being adopted imposes indefensible barriers to minority participation in FSA programs.[48]

**B. <u>There is a possibility of irreparable injury to plaintiff if preliminary relief is not granted.</u>**

Plaintiff brings its action for declaratory relief on behalf of its members who participate in FSA programs.[49] Like similarly situated producers throughout southern Alaska, they currently participate in FSA programs and avail themselves of FSA services through the Homer County FSA Service Center.[50] Once the FSA Office at Homer is closed, southern Alaska producers will have lost their only reasonable conduit to FSA programs and services.[51] There is no administrative relief available to Plaintiff such that they could undo the plan at some point in the future. Injunctive relief is the only remedy available for maintaining an FSA presence in southern Alaska until the Court can entertain the controversy on its merits. If allowed to continue on its present course, any challenge to FSA's restructuring plan will be moot as of May 27, 2006.

**C. <u>Balancing the hardships favors the plaintiff</u>.**

FSA has an existing presence in Homer such that it would not have to secure other office

---

Van Oss Affidavit at ¶ 12; Willard Affidavit at ¶ 11.

[47] *See* Rainwater Affidavit at ¶ 5.

[48] *See* Merculief Affidavit at ¶ 5.

[49] *See* Marette Affidavit at ¶ 2.

[50] *See* Merculief Affidavit at ¶ 5.

[51] *See id.*; *see also* Marette Affidavit at ¶ 7, Rainwater Affidavit at ¶ 3, Van Oss Affidavit at ¶ 12, Willard Affidavit at ¶ 11.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

11

space.[52] Even if there were incidental costs associated with keeping the Homer office open until the Court could consider the merits of Plaintiff's Complaint, those costs would be modest.[53] The Homer office presently has only one employee.[54] Defendants already have adequate staff presently at Palmer such that Agency business will not be adversely affected. The employee currently assisting producers at Homer will receive the same salary whether he is stationed there or at Palmer. Thus, Defendants would not be unreasonably burdened by the Court's grant of injunctive relief.

By contrast, producers from southern Alaska will be incredibly burdened. A producer currently served by the Homer FSA Office will have to travel an additional 270 miles to access an office at Palmer.[55] The burden on producers from outlying islands and areas currently served by the Homer FSA Office will be even greater since they will have to travel several hundred miles after taking the ferry to Homer.[56] At best, closing the office at Homer will discourage participation of southern Alaskans in FSA and related USDA programs.[57] At worst, it will completely deny southern Alaska's farmers, ranchers and fishermen any bona fide opportunity to

---

[52] *See* Van Oss Affidavit at ¶ 4.

[53] This is especially so in light of an appropriation in excess of a billion dollars for FSA. *See* Pub. L. No. 109-97; 119 Stat. 2120.

[54] *See id.*

[55] *See* Willard Affidavit at ¶ 11.

[56] *See* Merculief Affidavit at ¶ 5.

[57] *See e.g.,* Rainwater Affidavit at ¶ 2.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

12

participate in FSA's programs or share in the services it provides.[58]

**D. Plaintiff's request for injunctive relief advances the public interest.**

Plaintiff requests a restraining order and preliminary injunction for the benefit of its members and similarly situated southern Alaskan producers who are threatened with immediate and irreparable harm by the FSA restructuring scheduled to occur on May 27, 2006. Plaintiff's underlying action for declaratory relief is rooted in the notion that Defendants were required to take the welfare of all Alaskans into account in deciding upon an appropriate and equitable FSA presence throughout the state. Surely it advances the public's interest to ensure that Defendants have complied with both their express and implied obligations with respect to FSA restructuring. Congress did not authorize the Secretary to approve a plan without public comment or to implement an unjustified plan that was materially different from that noticed. Nor did FSA instruct its SEDs to clandestinely contrive and recommend restructuring plans without public input or justification. Here, Defendants made it clear that the Homer County Office would be closed irrespective of the impact that might have on service delivery and without justification.[59]

The entire Alaska restructuring process is contrary to the Act's mandate. It necessarily advances the public's interest to challenge government action when such action is directly contrary to the people's will as manifested by Congress. The affidavits submitted in support of Plaintiff's request for injunctive relief reflect the public nature of this controversy. Those

---

[58] *See*: Marette Affidavit at ¶ 7; Willard Affidavit at ¶ 11; Van Oss Affidavit at ¶ 12.
[59] *See* Willard Affidavit at ¶ 5.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

13

affidavits substantiate the breadth of support among diverse producers and groups for Plaintiff's challenge. Frankly, this is Civics 101. Southern Alaskans are understandably outraged by Defendants' attempt to destroy FSA's presence in southern Alaska without justification and without an opportunity for input. They resent as much, if not more, the deceitful and underhanded way Defendants have gone about it. This is a matter of significant public interest and the grant of injunctive relief requested herein will advance and protect that interest until such time as the Court can decide the underlying action on its merits.

**E. <u>Plaintiff can satisfy the alternative criteria for preliminary injunctive relief</u>.**

Plaintiff respectfully suggests that it has, in the foregoing sections, demonstrated a combination of "probable success on the merits and the possibility of irreparable injury" as contemplated under the alternative test recognized in the Ninth Circuit. *Earth Island Institute*, 351 F.3d at 1297 (9th Cir. 2003). If not, then Plaintiff surely meets the optional prong by having demonstrated "that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.*

**1. *<u>Plaintiff has raised serious questions.</u>***

Plaintiff's underlying request for relief asks the Court to declare that Defendants' plan is contrary to statute.[60] In support of that request, they have raised serious questions about

[60] *See* ¶ 1 of Prayer for Relief in Plaintiff's Complaint [Docket Entry 1-1].

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

14

Defendants' conduct and motives.[61] They have also provided the Court with specific examples of Defendants' misrepresentations to Congress with respect to Alaska's restructuring plan.[62] Plaintiff has also raised serious questions about the justification relied upon for either the original plan or that adopted on January 19, 2006.[63] Plaintiff also raises questions about Defendants' deliberate exclusion of contrary analysis from the restructuring effort.[64] The affidavits filed herewith establish that Defendants have repeatedly refused to provide them with the "rigorous analysis" used to justify the restructuring plan as Congress required.[65] Each of the foregoing raise serious questions about the propriety , if not the legality, of Defendants' restructuring plans for Alaska.

**2. *__The balance of hardships tips sharply in Plaintiff's favor.__***

As noted *supra*, the injunctive relief requested herein will impose at most a very modest hardship on the Defendants. There is an existing office at Homer and no additional staff or salary would be required to keep it open temporarily. Defendants have sufficient staff already at Homer and Palmer to maintain the status quo until the Court can decide the case on its merits.

The balance clearly tips in Plaintiff's favor when you consider the hardship the 540 extra

---

[61] *See id*. at ¶ 40.

[62] *See* Van Oss Affidavit at ¶ 13. The plan noticed to Congress is materially different from that being implemented.

[63] *See* Willard Affidavit at ¶¶ 6, 7, 8 and 9.

[64] *See e.g.*, Marette Affidavit at ¶ 3.

[65] *See*: Marette Affidavit at ¶ 5; Merculief Affidavit at ¶¶ 6, 7; Willard Affidavit at ¶ 7; Van Oss Affidavit at ¶ 6.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

15

miles (round trip) producers from Homer will have to make to visit their FSA Office. Once the Homer office is closed, producers presently serviced by it will have to travel on to Palmer for FSA assistance.[66]

**F. The Court should require, at most, nominal security under Federal Rule of Civil Procedure 65(c).**

Federal Rule of Civil Procedure 65(c) provides that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to be wrongfully enjoined or restrained." While Plaintiff could find no decisions directly on point from this Court, the Ninth Circuit Court of Appeals has a "long standing precedent that requiring nominal bonds is perfectly proper in public interest litigation." *Save Our Sonoran, Inc. v. Flowers, et al.*, 381 F.3d 905, 916 (9th Cir. 2004) (citing *Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1325 (9th Cir. 1985). A district court can waive the bond entirely where it "would effectively deny access to judicial review." *Id.* (citations omitted).

Plaintiff is not arguing that the Court should waive the security requirement because to do otherwise would deny them access to judicial review. To the best of Plaintiff's information and belief, FSA's restructuring plan is neither a "final rule" nor an administratively final decision

---

[66] *See* Marette Affidavit at ¶ 7; Merculief Affidavit at ¶ 5; Rainwater Affidavit at ¶¶ 3, 5; Willard Affidavit at ¶ 11; Van Oss Affidavit at ¶ 11.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

16

that Plaintiff could appeal under the Administrative Procedures Act. Rather, Plaintiff asserts that its efforts are in the public's interest and that it has extremely limited resources with which to mount its challenge. This Court can properly consider such facts when determining the amount of security, if any, that it will require. *Barahona-Gomez v. Reno, 167 F.3d* 1228, 1237 (9th Cir. 1999). A court abuses its discretion when it sets a bond "that serves to thwart citizen actions." *Save our Sonoran*, 381 F.3d at 916 (citing *Friends of the Earth, Inc. v. Brinegar*, 518 F.2d 322, 323 (9th Cir. 1975)).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court grant its request for a temporary restraining order and that it set bond for same at a nominal amount of one hundred dollars ($100.00) or less owing to the public interest nature of this controversy and Plaintiff's limited resources. Plaintiff further requests that the Court set hearing on Plaintiff's application for preliminary injunction at the earliest possible date, but reminds the Court that Plaintiff's counsel will be unable to appear on May 9-12 and May 15-16 due to prior scheduled appearances.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

17

Respectfully submitted on this 8th day of May, 2006.

GEORGE T. FREEMAN
Attorney for Plaintiff

s/George T. Freeman
1152 P Street
Anchorage, AK 99501
Tel: (907) 274-8497
Fax: (907) 274-8497
Email: gtf@gci.net
Alaska Bar No. 7806039

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

18

**Certificate of Service**
I hereby certify that on
8th of May 2006, a
copy of the foregoing
PLAINTIFF'S MEMORANDUM
IN SUPPORT OF MOTION
FOR TEMPORARY
RESTRAINING ORDER
AND PRELIMINARY
INJUNCTIVE RELIEF
And PROPOSED ORDER
was served by Certified Mail
on:

Attorney General of the United States
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

US Attorney
For the District of Alaska
222 W. 7th Ave., Second Floor
Anchorage, AK 99513

Chad Padgett
State Executive Director
Alaska Farm Service Agency
800 W. Evergreen, #216
Palmer, AK 99645-6539

s/George T. Freeman

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case no. 3:06-CV-00098 RRB

19