George T. Freeman
Attorney for Plaintiff
1152 P Street
Anchorage, AK 99501
Tel:    (907)274-8497
Fax:    (907)274-8497
Email:  gtf@gci.net

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KENAI PENINSULA CHAPTER -         )
ALASKA FARM BUREAU, INC.          )
                                  )
                Plaintiff,        )
                                  )
        vs.                       )      **AFFIDAVIT OF CHRIS**
                                  )      **RAINWATER IN SUPPORT OF**
                                  )      **PLAINTIFF'S MOTION FOR**
MIKE JOHANNS, et al,              )      **TEMPORARY RESTRAINING**
                                  )      **ORDER AND PRELIMINARY**
                Defendants.       )      **INJUNCTIVE RELIEF AND**
                                  )      **MEMORANDUM IN SUPPORT**
                                  )
                                  )
_____ )      Case No. 3:06-CV-00098 RRB

**AFFIDAVIT OF CHRIS RAINWATER**

Being first duly cautioned and sworn, I, Chris Rainwater, based upon my personal knowledge,

state as follows:

1

AFFIDAVIT OF CHRIS RAINWATER
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Mike Johanns, et al*
Case no. 3:06-CV-00098 RRB

1. I am over eighteen (18) years, under no legal disabilities, and am competent to give this affidavit. If called as a witness, I could and would competently testify as follows:

2. I am a member of the Kenai Peninsula Chapter-Alaska Farm Bureau. I have participated in FSA programs and routinely use the services provided by the Homer County FSA Service Center.

3. Closing the Homer County FSA Service Center will make it impracticable for me to participate in FSA programs or other USDA programs which rely on FSA records. For example, I must certify compliance with Highly Erodible Land and Wetland regulations in order to participate in the EQUIP program administered by USDA's Natural Resources Conservation Service (NRCS). I must file a form AD-1026 with FSA to be eligible for EQUIP benefits through NRCS. EQUIP participation routinely employs the farm records and aerial photography maintained by FSA. Under the current restructuring plan, I will have to travel back and forth from my NRCS office at Homer to the FSA Office at Palmer to participate. It is completely unrealistic to expect the NRCS office in Homer to timely process my applications when information critical to those applications is maintained two hundred and seventy miles away in an FSA office at Palmer.

4. Similarly, the Conservation Reserve Program (CRP) is administered by FSA but relies on NRCS for technical determinations. Those determinations are dependant upon records which will be maintained by an FSA office in Palmer under the restructuring plan. The process will be so convoluted that it will discourage me from participating.

2

AFFIDAVIT OF CHRIS RAINWATER
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Mike Johanns, et al*
Case no. 3:06-CV-00098 RRB

5.     Many of the forms necessary for FSA program participation require that I have face to face contact with someone who can explain the terminology and program provisions, or record what I tell them was planted or harvested on a particular field.  I was present at the public meeting in Homer on November 17, 2005.  Neither State Executive Director Chad Padgett nor any member of the Alaska FSA State Committee explained how producers currently served by the Homer County FSA Service Center could avoid traveling to Palmer in order to fully participate in FSA programs and services.

I certify under the penalty of perjury that the foregoing is true and correct.

Executed this _14th_ day of May, 2006.

CHRIS RAINWATER

Sworn to and subscribed before me, this _4th_ day of May, 2006.

Notary Public for the State of Alaska
My commission expires: _9/9/2009_

3

AFFIDAVIT OF CHRIS RAINWATER
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Mike Johanns, et al*
Case no. 3:06-CV-00098 RRB