George T. Freeman
Attorney for Plaintiff
1152 P Street
Anchorage, AK 99501
Tel:    (907)274-8497
Fax:    (907)274-8497
Email:  gtf@gci.net


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| KENAI PENINSULA CHAPTER - ALASKA FARM BUREAU, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| MIKE JOHANNS, in his official capacity as the Secretary of the United States Department of Agriculture, UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY, an agency of the United States Department of Agriculture, ALASKA FARM SERVICE AGENCY, an administrative Division of the Farm Service Agency, and CHAD PADGETT, in his official capacity as the State Executive Director of the Alaska Farm Service Agency, | ) ) ) ) ) ) ) ) ) ) ) | **OPPOSITION TO MOTION TO DISMISS COMPLAINT** |
| | ) | Case no. 3:06-CV-00098 RRB |
| Defendants. | ) ) ) | |
| _____ | ) | |

1
OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

## I.  __Introduction.__

Plaintiff Kenai Peninsula Chapter - Alaska Farm Bureau Inc. opposes the Defendants' motion to dismiss its First Amended Complaint on jurisdictional and mootness grounds.

This memorandum shows that the motion to dismiss the First Amended Compliant should be denied for the following reasons:

1.     The Court has subject matter jurisdiction based on the allegations in the first amended complaint under 28 U.S.C. Section 1331.  That is, the allegations show federal question jurisdiction based on the need for an interpretation of an act of Congress and the Administrative Procedure Act claim for non-monetary relief under 5 U.S.C. Section 702.

2.     The first amended complaint raises the issue that the Defendants failed to comply with Pub. L. 109-97 (The "Act") by notifying Congress of a change of Alaska FSA offices that did not take place.

3.     The first amended complaint raises the interpretation issue that 2006 act of Congress in Pub. L. 109-97 requires the Defendants to perform a "rigorous analysis [that] proves" that the closing the Homer FSA Office is "cost-effective."

4.     The first amended complaint raises the issue that Defendants failed to conduct the "rigorous analysis" that proves that the closing of the Homer

OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

FSA Office is "cost effective" as required by the Act.

5.     The claims in the first amended complaint are not moot.

## II.     This Court has Subject Matter Jurisdiction over the Claims in the First Amended Complaint.

This Court has jurisdiction over the non-monetary claims for declaratory relief, injunctive relief and for a writ of mandamus in the first amended complaint.    As discussed below, federal question jurisdiction under 28 U.S.C. Section 1331 is predicated on the federal questions raised by the interpretation of the Act and on the Administrative Procedure Act claim for unlawful final federal agency action in deciding to close down the Homer FSA Office. As such, Defendants' FRCP 12(b)(1) motion to dismiss the complaint on jurisdictional grounds lacks merit.

### A.     Rule 12(b)(1) Standard.

In a FRCP 12(b)(1) motion on a subject matter jurisdictional issue the Plaintiff must establish jurisdiction, although the burden is not a heavy one.[1]   In this type of motion to dismiss, the court does not presume the factual allegations are true, but instead may weigh the evidence as long is it does not involve the merits of the dispute.[2]   The court may also receive and consider extrinsic evidence.[3]

---

[1]     *See Golden v. Garno Bros.*, 410 F.3d 879, 881 (6ht Cir. 2001); *Garcia v. Copenhaver, Bell & Assocs.,* 104 F.3d 1256, 1260-61 (11th Cir. 1997) ("extremely difficult" to dismiss claim for lacking subject matter jurisdiction).

[2]     *See Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 77 (3rd Cir. 2003); *Hernandez-Santiago v. Ecolab, Inc.*, 397 F.3d 30, 33 (1st Cir. 2005).

[3]     *Hernandez-Santiago,* 397 F.3d at 33.

OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

In a FRCP 12(b)(1) context, the court will permit a party to amend the complaint unless it is clear that subject matter jurisdiction cannot be averred.[4]  Of course, a motion to dismiss is not a responsive pleading that terminates a party's absolute right to amend the complaint without seeking leave of court.[5]  In addition, a well-pleaded complaint will survive a FRCP 12(b)(1) motion to dismiss on jurisdictional grounds where it shows a federal claim on the face of the complaint.[6]

While the initial complaint satisfied the jurisdictional pleading requirements, Plaintiff also exercised its absolute right under FRCP 15(a) to file a first amended complaint. The first amended complaint clarifies the federal question subject matter jurisdiction issues under 28 U.S.C. Section 1331.  In particular, the amended complaint sets forth the federal question subject matter jurisdiction issue of interpretation of a federal statute.[7]  Moreover, the amended complaint sets forth particular allegations supporting the federal question Administrative Procedure Act 5 U.S.C. Section 702 claim for declaratory, injunctive and mandamus relief based on unlawful final agency action.[8]

---

[4]    *See Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 595 (7th Cir. 192) (noting that leave to amend defective allegations of subject matter jurisdiction should be freely given).

[5]    *Mayle v. Felix*, ___ U.S. ____; 125 S.Ct. 2562, 2569 (2005);  *Thompson v. Carter*, 284 F.3d 411, 415 n. 2 (2nd Cir. 2002);   *Shaner v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003).

[6]    *See Franchise Tax Board v. Construction Laborers Vocation Trust*, 463 U.S. 1, 8-12; 103 S.Ct. 2841 (1983); Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 3566 Determination from a Well-Pleaded Complaint.

[7]    First Amended Complaint at paragraphs 1, 34, 43, 45, 48, 50 (dkt. no. 21).

[8]    First Amended Complaint at paragraphs 1, 8, 34, 44, 45, 46, 48, 50.

OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

These allegations in the first amended complaint satisfy the well-pleaded allegations requirements for pleading federal subject matter jurisdiction.

### B.    Statutory Interpretation.

On the issue of federal court subject matter jurisdiction, the federal question jurisdiction of federal courts under 12 U.S.C. Section 1331 provides an independent basis for subject matter jurisdiction. Of course, a substantial question as to the construction or interpretation of an act of Congress arises under the laws of the United States for purposes of Section 1331.[9]

The first amended complaint and the incorporated attachments to the initial complaint raise a legislative interpretation issue on the 2006 Act. The Court may consider these allegations and the attached extrinsic evidence in reviewing the opposition to the FRCP 12(b)(1) motion. In particular, Congress restricted the USDA in the 2006 act because of the "negative reaction to the 'FSA Tomorrow' plan" in which the USDA planned to close down hundreds of FSA count offices without consulting Congress.[10] As a result, the Act severely limited if not removed USDA's discretion in closing or

---

[9]    *See In re Carter*, 618 F.2d 1093, 1100 (5th Cir. 1980) ("or the laws of the United States are given one construction or effect, and defeated if they are given another."); *Clark v. Stetson*, 463 F.Supp. 1197, 1199 (M.D.Fla. 1979) ("A suit which substantially involves a dispute respecting the validity, construction or effect of a law of the United States does arise under the laws of the United States for purposes of that statute.").

[10]    Complaint, Exhibit 2 at page 6 (dkt. no. 1).

OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

consolidating a FSA county office by requiring a "rigorous analysis [that] proves such action to be cost-effective."[11]

The Defendant agency itself interpreted the Act as requiring a "rigorous analysis to ensure actions are cost-effective and will better serve the public."[12]   The agency interpretation also contemplates public notice and a public meeting within 30 days after the notice if the agency wants to close down a county office; as such, this notice and public meeting could occur only _after_ the restrictions put in place by the Act ("will issue") and requires compliance with the "cost-effective" requirement.[13]    In addition, Plaintiff is unaware of any rules promulgated under the recent 2006 Act, and to Plaintiff's knowledge, there is no administrative appeal remedy to exhaust in the challenge of the closing of a FSA office.

Defendants only response as to these allegations in the complaint and first amended complaint is a request that the Court pre-judge the interpretation issue.   In particular, the Defendants assert that the legislative history and the agency construction should be ignored because the so-called plain meaning of the statute speaks to notice of elimination of an office.[14]   On this issue, there are two problems with the motion at this stage.

---

[11]      Complaint, Exhibit 2 at pages 3 and 6.
[12]      Complaint, Exhibit 3 at page 1.
[13]      Complaint, Exhibit 3 at page 2.
[14]      _Citing United States v. Ventre_, 338 F.3d 1047, 1052 (9th Cir. 2003); _Goswami v. American Collections Enter., Inc._, 377 F.3d  488, 492 (5th Cir. 2004).

OPPOSITION TO MOTION TO DISMISS COMPLAINT
_Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al._
Case No. 3:06-CV-00098 RRB

First,  the first amended complaint asserts that the agency provided Congress with an erroneous notice as to which FSA offices were to be eliminated.[15]  That is, the original plan called for combining the Delta office and the Fairbanks office into one office in Fairbanks and combining the Homer and Palmer offices into one office in Anchorage.[16] The actual notice to Congress differed from this by stating that Delta would be consolidated into Fairbanks and Homer would be consolidated into Palmer.[17]  The final agency decision thus differed materially from the original plan and the notice to Congress, since Fairbanks actually was consolidated into Delta and Homer was consolidated into Palmer.  As a result, the first amended complaint can not be dismissed because it alleges that the agency failed to comply with the statute.

Second, the first amended complaint raises a statutory interpretation issue on whether of the statute, properly construed, requires a rigorous analysis of the cost-effectiveness that will better serve the public for a closure of a FSA office.  The first amended complaint also alleges that the agency failed to conduct the analysis prior to the elimination of the offices.[18]

As the Court is aware, ambiguous terms in a statute permit the Court to review the legislative history of the act.[19]  Here the ambiguous terms are "close," "closure," "public

---

[15]    First Amended Complaint at paras. 1, 10, 11, 25, 26, 43, 44, 45.

[16]    First Amended Complaint para. 11.

[17]    December 9, 2005 letter to Senator Bennett at Exhibit G. (at dkt. no. 16 )

[18]    First Amended Complaint paras. 5, 6, 34, 35, 36. 11.

[19]    *U.S. v. Ventre*, 338 F.3d 1047, 1052 (9th Cir. 2003).  See also 2A Sutherland,

7

OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

meeting" and "notify" in P.L. 109-97.   In sum, in the context of the statute, these terms imply that FSA will follow a process that justifies the closing a FSA office before the elimination of the office.[20]   Indeed, the agency officials can not be paid their salaries unless they follow the process.  The process itself requires more than an arbitrary decision, public meeting and notice to Congress of an arbitrary decision to eliminate an office.  Otherwise, the public meeting and notice on the elimination of the office are superfluous.  As a result and as stated above, the agency interpreted the statute to require a rigorous analysis of the cost-effectiveness and public benefit of the elimination of the office.[21]   As also stated in the first amended complaint, this agency interpretation followed directly from the legislative history that mandates the rigorous cost-effectiveness analysis.[22]   Since the above terms are ambiguous in the context of the statute, the Court may review and use the legislative history to provide a legislative meaning for these words that requires the cost-effectiveness analysis.   As a result, on the second issue, the statute, properly construed, requires the analysis.

Since the complaint alleges that the agency failed to provide the proper notice and to conduct the analysis, the motion to dismiss should be denied.

---

*Statutes and Statutory Construction* (2000 Revision), Section 48:03 <u>Preenactment History</u>; Section 48:04 <u>History of enactment process</u>.

[20]    *See e.g., Ileto v. Glock, Inc.,* 421 F.Supp.2d 1274, 1285 (C.D.Cal. 2006) ("Although easily understood standing alone in the cold context of a dictionary, the word 'applicable' nevertheless becomes ambiguous when read against the other provisions of the PLCAA.")

[21]    First Amended Complaint para. 6.

[22]    First Amended Complaint para. 6.

OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

### C.    APA Act Claim.

In addition, the Administrative Procedure Act in conjunction with Section 1331 provides subject matter jurisdiction over questions involving final agency action.[23] Again, the first amended complaint APA claim asserts that the final agency action failed to provide notice of which offices were eliminated, and further, failed to follow P.L. 109-97 because of the failure to conduct the required cost-effectiveness analysis.[24]

The APA claim does not seek monetary relief, and instead, seeks declaratory, injunctive and writ of mandamus relief under 28 U.S.C. Sections 2201, 2202 and 1361. As such, Defendants' sovereign immunity assertion lacks merit because the Administrative Procedure Act waives sovereign immunity for non-monetary claims against governmental agencies.[25]

Specifically, the APA provides that a person adversely affected or aggrieved by agency action within the meaning of a relevant statute is entitled to judicial review under 5 U.S.C. Section 702. In this context, "agency action" is defined as "any agency … order … or the equivalent or denial thereof[.]"[26]    In this case, the amended complaint

---

[23]    *See Chrysler Corp. v. Brown*, 441 U.S. 281, 317 n. 47; 99 S.Ct. 1705 (1979) ("Jurisdiction to review agency action under the APA is found in 28 USC Section 1331.").

[24]    First Amended Complaint paras 8-40, 43, 44, 45.

[25]    This argument is drawn from *Melissa Indus. Development v. North Collin Water*, 256 F.Supp. 537 (E.D.Tex. 2003), which also involved the USDA.

[26]    5 U.S.C. Section 551(13).

9

OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

specifically focuses on the elimination of the offices in the northern and southern zones and requests an order requiring the Defendants to comply with the statutory requirements of a proper construction of the Act.

The APA at 5 U.S.C. Section 704 authorizes judicial review if the agency action at issue is a "final agency action," even though the statute at issue does not directly provide for judicial review. This requirement is "flexible" and "pragmatic."[27] To be "final," the agency action (1) must mark the "consummation" of the agency's decision-making process and (2) determines "rights and obligations" or "legal consequences will flow" from the decision.[28] Here the pre-conceived decision prior to the 2006 Act to eliminate offices in the northern and southern zones is a "final agency decision." There is no further agency review or appeal. In the statutory scheme, there is nothing left for USDA to do.[29]

---

[27]    *Abbot Laboratories v. Gardner*, 387 U.S. 136, 149-50; 87 S.Ct. 1507 (1967).

[28]    *American Airlines, Inc. v. Herman*, 176 F.3d 283, 287-88 (5th Cir. 1999); *Velhorn v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994) (a final agency action is one that "imposes an obligation, denies a right or fixes a legal relationship.").

[29]    The first amended complaint alleges that Plaintiff is unaware of any administrative appeal remedy that needs to be exhausted in order to challenge the unlawful final agency action, so there is nothing to exhaust administratively. First Amended Complaint paras. 1, 44. Also, federal courts do not mandate administrative exhaustion if neither the statute nor the agency rules mandate exhaustion. *See Darby v. Cisneros,* 509 U.S. 137, 146; 113 S.Ct. 2539 (1993). Finally, exhaustion is not required where it would be futile. *See Sierra Club v. Dornbeck*, 161 F.Supp. 1052, 1066 (D.C.Ariz. 2001).

OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

The final agency action at issue in this case is also presumptively subject to judicial review.[30]   Judicial review of final agency actions may only be cut off under 5 USC Section 701(a) where (1) the statutes preclude judicial review or (2) "the agency action is committed to agency discretion by law."    Here Congress has not specifically prohibited court review of the USDA's determination, so the only issue here concerns agency discretion.

The judicial review exception in 701(a)(2) for agency "discretion" is "very narrow."[31]   The legislative history of the APA shows that the "discretion" exception applies only where "statutes are drawn in such broad terms that in a given case there is no law to apply."  S.Rep. No. 752, 79th Cong., 1st Sess. 26 (1945).  In sum, the "discretion" exception only precludes judicial review where the "court would have no meaningful standard to judge the agency's exercise of discretion."[32]   If Congress indicates the intent to confine agency discretion and has provided "a meaningful standard for defining the limits of that discretion," there is a "law to apply."[33]  When an agency acts, "that action itself provides a focus for judicial review, inasmuch as the agency must have exercised its

---

[30]    *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670; 106 S.Ct. 2133 (1986) ("judicial review of a final agency action by an aggrieved person will not be cut off unless there is a persuasive reason to believe that such was the purpose of Congress.").
[31]    *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410; 91 S.Ct. 814 (1971).
[32]    *Heckler v. Chaney*, 470 U.S. 821, 830; 105 S.Ct. 1649 (1971).
[33]    *Heckler*, 470 U.S. at 834.

OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

power in some manner. The action can at least be reviewed to determine whether the agency exceeded its statutory authority."[34]

In this case, the agency "discretion" exception in 5 USC Section 701(a)(2) does not apply because the 2006 Act of Congress severely limited if not eliminated any agency discretion in elimination of FSA county offices. That is, the 2006 Act of Congress provides the Court with the "law to apply" in determining if USDA exceeded its authority. In particular, the "law to apply" is (1) whether the notice specifically states the correct offices to be eliminated and (2) whether the agency decision ordering the closure of the office is supported by a "rigorous analysis prov[ing] such action to be cost-effective" in order to "better serve the public." Indeed, as stated above, USDA's own interpretation of the "law to apply" requires a public notice and a public meeting on these issues ("will issue public notice").[35]   In addition, following the legislative history, the USDA interpretation requires a "rigorous" analysis that the decision was "cost-effective."[36]

The amended complaint sets forth these issues in a well-pleaded complaint. That is, the amended complaint alleges that, in connection with the final agency action, the agency failed to give the public and Congress proper notice of the specific offices that

---

[34]    *Heckler,* 470 U.S. at 832.
[35]    Complaint, Exhibit 3 at page 2.
[36]    *Id.*

12
OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

were ultimately eliminated, and in addition, failed to conduct the rigorous analysis required by a proper construction of the statute.

In view of these standards and the allegations in the first amended complaint, this Court has subject matter jurisdiction over the APA claim for declaratory, injunctive and mandamus relief set forth in the amended complaint.    For these reasons, the FRCP 12(b)(1) motion to dismiss should be denied.

### III.    The Mootness Issue Lacks Merit.

The mootness issue does not require an extended discussion.  The completion of an activity" such as the elimination of the Homer FSA office "is not the hallmark of mootness.  Rather, a case is moot only where no effective relief for the alleged violation can be given."[37]    The first amended complaint requests a declaratory judgment and an order requiring the Defendants to comply with the statute.   The first amended complaint also specifically requests a mandamus remedy restoring the Homer FSA office in connection with the request for a declaratory judgment.[38]   On this, the Defendants basically admit that the Homer FSA office had only one employee and a small amount of paperwork and computers.   As such, the Court can grant effective remedies declaring that the agency failed to comply with the statute, and ordering the agency to comply with

---

[37]    *Forest Guardians v. U.S. Forest Service*, 329 F.3d 1089, 1095 (9th Cir. 2003); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 3533.1, Remedial Capacity in Changed Circumstances at note 36 ("ability to undo the effects of conduct.")

[38]    First Amended Complaint paras.1, 50 and prayer for relief.

OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB

the statute, which would necessarily require meaningful input from the public this time. If the agency is unable to show the required cost-effectiveness benefit to the public supporting the elimination of the FSA office, the Court can easily lead to restore the Homer FSA office and undo the wrongful elimination of this small but important office. As such, the mootness argument lacks merit.

## CONCLUSION

Plaintiff respectfully requests that the Court deny the FRCP 12(b)(1) motion to dismiss the complaint.

DATED this 17th day of July 2006.

GEORGE T. FREEMAN
Attorney for Plaintiff

s/George T. Freeman
1152 P Street
Anchorage, Alaska 99501
Telephone: 907-274-8497
Facsimile:  907-274-8497
Email: gtf@gci.net
Alaska Bar No. 7806039

14
OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Kenai Peninsula Chapter – Alaska Farm Bureau, Inc. v. Johanns, et al.*
Case No. 3:06-CV-00098 RRB