DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-2344
Email:  richard.pomeroy@usdoj.gov

EDWARD H. WHITE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Rm. 6110
Washington, D.C. 20530
Tel: (202) 514-5108
Fax: (202) 318-4268
Email: ned.white@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENAI PENINSULA CHAPTER - ALASKA FARM BUREAU, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MIKE JOHANNS, et al.<br><br>Defendants. | Case No. 3:06-00098-RRB<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND WRIT OF MANDAMUS** |

## INTRODUCTION

Our opening memorandum explained that the Court lacks jurisdiction over plaintiff's

claims.  As we explained then, plaintiff's claims are barred by sovereign immunity; 28 U.S.C. §

1331 is not a waiver of sovereign immunity, and the waiver of sovereign immunity provided in the Administrative Procedure Act ("APA") is inapplicable here because the decision at issue is one committed to agency discretion by law. We also explained that even if sovereign immunity did not deprive the Court of jurisdiction, the "case or controversy" requirement of Article III of the Constitution would, because plaintiff's challenge to the Department of Agriculture's ("USDA") decision to close the Homer, Alaska Farm Service Agency ("FSA") office is moot.

Plaintiff's Opposition to Motion to Dismiss Complaint (dkt. no. 27) (July 17, 2006) ("Plaintiff's Opposition"), should be rejected out-of-hand. Plaintiff's argument that the legislation under which defendants decided to close the Homer office – the Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act for Fiscal Year 2006 ("Public Law 109-97") – is ambiguous and therefore does not clearly commit to defendants' discretion the decision to close FSA offices is based on the fiction that the operative language of the legislation consists of a random collection of words susceptible of multiple meanings, rather than a single, simple, and direct sentence describing explicitly and in detail the actions the Secretary must undertake before closing a local or county FSA office. Equally meritless is plaintiff's claim that the Secretary did not comply with the terms of Public Law 109-97 prior to closing the Homer office. Finally, the fact that the Homer office has been closed for nearly two months renders plaintiff's claims moot.

## ARGUMENT

**THE COURT LACKS JURISDICTION TO CONSIDER PLAINTIFF'S CLAIMS.**

    **A.    Plaintiff's Claims Are Barred By Sovereign Immunity**

In our opening memorandum we explained that suits against the United States, its agencies, and its employees (acting in their official capacities) cannot be maintained absent a waiver of the United States' sovereign immunity, that the government's sovereign immunity only can be waived by Congress, and that the Courts must respect whatever limitations Congress imposes on the waivers of sovereign immunity it enacts. See Motion to Dismiss First Amended Complaint for Declaratory Relief, Injunctive Relief and Writ of Mandamus (dkt. no. 26) (June 30, 2006) ("Motion to Dismiss First Amended Complaint") at 7-9. We also explained that it is settled beyond any dispute or question that section 1331 is not a waiver of the United States' sovereign immunity. See Motion to Dismiss First Amended Complaint at 8-9; see also Pit River Home and Agr. Co-op Ass'n v. United States, 30 F.3d 1088, 1098 n.5 (9th Cir. 1994); Beale v. Blount, 461 F.2d 1133, 1138 (5th Cir. 1972); Royer v. I.N.S., 730 F. Supp. 588, 590 (S.D.N.Y. 1990); B. R. MacKay & Sons, Inc. v. United States, 633 F. Supp. 1290, 1295 (D. Utah 1986); Byrd v. Smith, 693 F. Supp. 1199, 1201 (D.D.C. 1986).

Plaintiff does not address, let alone attempt to rebut, this principle. Instead, plaintiff continues to treat section 1331 as a waiver of sovereign immunity. See Plaintiff's Opposition at 3-5. For the reasons explained above and in our opening memorandum, this is not a serious contention.

Plaintiff's schizophrenic attempt to rely on the APA's waiver of sovereign immunity is also unavailing. Plaintiff argues on the one hand that Public Law 109-97 is too confusing to be

understood at face value, see Plaintiff's Opposition at 7-8, while also arguing that the legislation is so clear that it deprives defendants of any discretion in its interpretation, on the other. Id. at 9-13. To understand how entirely meritless plaintiff's "confusion" argument is, it is helpful to consider the operative language of Public Law 109-97, which provides:

> "[t]hat none of the funds made available by this Act may be used to pay the salaries or expenses of any officer or employee of the Department of Agriculture to close any local or county office of the Farm Service Agency unless the Secretary of Agriculture, not later than 30 days after the date on which the Secretary proposed the closure, holds a public meeting about the proposed closure in the county in which the local or county office is located, and, after the public meeting but not later than 120 days before the date on which the Secretary approves the closure, notifies the Committee on Agriculture and the Committee on Appropriations of the House of Representatives and the Committee on Agriculture, Nutrition, and Forestry and the Committee on Appropriations of the Senate, and the members of Congress from the State in which the local or county office is located of the proposed closure."

119 Stat 2120, 2131.

Nothing about that language is confusing. All it requires of the Secretary is that before he closes a USDA local or county office he: (1) hold a public meeting not more than 30 days after he proposes the office's closure; and (2) notify certain congressional committees and members of Congress after the public meeting and at least 120 days before he approves the closure. As we explained in our opening memorandum, the provision does not mandate what must be included in the notice it requires, other than the fact of the proposed closure, nor does it specify what matters must be discussed at the public meeting, or the duration of any such meeting. In other words, Public Law 109-97 leaves it entirely up to the Secretary, in the exercise of his discretion, to determine whether an FSA local or county office should be closed. Because the legislation leaves all these questions to the Secretary's discretion, the question whether to

close the Homer office is one committed to agency discretion by law, and therefore excluded from the APA's waiver of sovereign immunity.  See 5 U.S.C. § 701(a)(2).

Plaintiff's claim that Public Law 109-97 does not commit to defendants' discretion the decision whether to close the Homer office because, in the abstract, the words "close," "closure," "public meeting," and "notify" could be ambiguous, is not a serious one.  By that reasoning, "United States of America" is no less confusing.  After all, "united" could be verb or an adjective; "states" could be a noun or a verb, or could apply to nation-states or the states of our Union; and "America" could refer to North or South America.  Prose, including legislation, is not read in that fashion, however.  Instead, it is read in full and in its context.  Read that way, there simply is nothing confusing about Public Law 109-97.  And properly read, the plain language of Public Law 109-97 commits entirely to defendants' discretion the decision whether to close any particular FSA office.

Plaintiff's position is no more reasonable to the extent plaintiff argues that defendants' notice to Congress proposed closing the Delta office and consolidating it into the Fairbanks office, whereas the Secretary ultimately elected to close the Fairbanks office and consolidate it into the Delta office.  See Plaintiff's Oppostion at 7; Letter from M. Johanns to R. Bennett (dkt. no. 16-8) (May 22, 2006).  This litigation is not a dispute about the Delta or Fairbanks offices, but rather focuses exclusively on the Palmer and Homer offices.  Plaintiff does not dispute that, as far as the latter two offices are concerned, the Secretary did precisely as he proposed in his notice to Congress; viz., he closed the Homer office and consolidated it into the Palmer office. And inasmuch as plaintiff asserts that it and its members all were customers of the Homer office, it lacks standing to challenge decisions defendants made about other offices.  Allen v. Wright,

468 U.S. 731, 751-52 (1984) (to have standing plaintiff must allege that he has been directly injured as a result of the agency action he challenges).

Nor is there anything to plaintiff's legislative history argument. As we explained in our opening memorandum, where, as here, a statute is clear and unambiguous, resort to legislative history is inappropriate. See Motion to Dismiss First Amended Complaint at 11; see also Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 842-43 (1984). And as explained then and above, Public Law 109-97 is just such a statute. That, in turn, renders the provision's legislative history irrelevant.[1]

### B.    Plaintiff's Claims Are Moot

The Homer office has been closed for months and this Court rejected plaintiff's request to prevent its closure. Plaintiff's complaints about the office's closure are therefore moot. See Motion to Dismiss First Amended Complaint at 13-14, citing Bumpus v. Clark, 702 F.2d 826, 826-27 (9th Cir. 1983) and Santa Monica Food Not Bombs v. City of Santa Monica, 2006 WL 1666707, *6 (9th Cir. 2006).

Plaintiff's suggestion that a declaratory judgment indicating that defendants failed to comply with Public Law 109-97 and an order requiring defendants to start the public meeting and notice process over would provide effective relief for its alleged injuries is not compelling. See Plaintiff's Opposition at 13-14. To the contrary, without the ability to re-open the Homer

---

[1] The legislative history of Public Law 109-97 would not help plaintiff in any case. As explained in paragraphs 3-20 and 31 of the Padgett Declaration, USDA undertook a rigorous analysis over an extended period of the need for, and effect of, closing the Homer office before it decided to do so. Plaintiff's complaint is not really about the lack of consideration defendants gave to the office's closing, but rather about defendants' decision to close the Homer office after completing its consideration. For the reasons explained in the text and in our opening memorandum, that decision is insulated from review.

office, such a declaration and order by themselves would be ineffective remedies for plaintiff's alleged injuries since the heart of plaintiff's complaint and the cause of its purported injuries stem from the actual closure of the Homer office.  And as we explained earlier and in our opening memorandum, the decision to close the Homer office is a matter committed to defendants' discretion by law, which this Court therefore cannot review.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss this action with prejudice.

Dated: July 27, 2006                  Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DEBORAH M. SMITH
Acting United States Attorney

MICHAEL SITCOV
Assistant Director

 /s/ Richard L. Pomeroy & Edward H. White
RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-2344
Email: richard.pomeroy@usdoj.gov

EDWARD H. WHITE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Rm. 6110
Washington, D.C. 20530
Tel: (202) 514-5108
Fax: (202) 318-4268
Email: ned.white@usdoj.gov

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2006, a copy of the foregoing REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND WRIT OF MANDAMUS was served electronically on
 George T. Freeman.


s/ Edward H. White