IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KENAI PENINSULA CHAPTER –
ALASKA FARM BUREAU, INC.,

        Plaintiff,

vs.

MIKE JOHANNS, <u>et</u> <u>al.</u>,

        Defendant.

Case No. 3:06-cv-0098-RRB

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS
FIRST AMENDED COMPLAINT**

        Before the Court are Defendants with a Motion to Dismiss Plaintiff's First Amended Complaint at Docket 26.  Plaintiff opposes at Docket 27.

        The subject of this action, the Homer office of the Department of Agriculture's Farm Service Agency, officially closed on June 1, 2006.  On May 24, prior to the closure, the Court denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Docket 3) because "a thorough review of the relevant pleadings, affidavits, etc., reveal[ed] that Plaintiff has not met any of the established criteria set forth [for preliminary injunctive relief]."  <u>See</u> Docket 18 (citing <u>Earth Island Institute</u>

v. U.S. Forest Service, 351 F.3d 1291, 1297-98 (9th Cir. 2003)).

Plaintiff then filed the First Amended Complaint for Declaratory

Relief, Injunctive Relief, and Writ of Mandamus (Docket 21) which

is the subject of the present Motion to Dismiss.

After a thorough review of the rather extensive pleadings

in this matter, the Court concludes that Plaintiff's claims are

barred by sovereign immunity because the decision as to the

location and staffing of Alaska Farm Service Agency offices is

clearly discretionary and not subject to judicial review under the

Administrative Procedures Act.   The United States Department of

Agriculture  (USDA)  is  required  by  the  Agriculture,  Rural

Development, Foot and Drug Administration, and Related Agencies

Appropriations Act of Fiscal Year 2006 ("Public Law 109-97") to

hold public meetings and provide notice to certain congressional

committees of plans to close offices before the decision is

finalized.  This it did.  To demand more of the USDA would not only

unreasonably restrict its ability to administer field offices, but

would ask for more than the law requires.

Moreover, according to Plaintiff's own prior briefing,

Plaintiff's case became moot when the Homer office closed on

June 1, 2006.  See Docket 5 at 11.  Plaintiff now argues that a

declaration by the Court that Defendants did not comply with Public

Law 109-97 and an accompanying compliance order would constitute an

effective remedy.  However, as a legal matter, "[a] federal court cannot issue a declaratory judgment if a claim has become moot." FERC v. PUC, 100 F.3d 1451, 1459 (9th Cir. 1996).  In deciding whether a request for declaratory judgment is moot, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. at 1458 (citations omitted).  The Court finds that the controversy before it is not sufficiently substantial to warrant a declaratory judgment, for it is doubtful that Plaintiff's request would constitute effective relief.

Even if Defendants did not comply with Public Law 109-97, there is significant evidence of cost-effectiveness in consolidating offices and implementing a circuit rider program to service the Homer region.  See Docket 15 at 12-13.  It is highly unlikely that additional public input would result in an agency decision that preserves the Homer office.  As a result, effective relief is not available.

The Court therefore concludes that for the reasons set forth above, as well as for the reasons specifically articulated by Defendants, Plaintiff's claims are barred by the doctrine of sovereign immunity and are moot.

ORDER GRANTING MOTION TO DISMISS
 FIRST AMENDED COMPLAINT - 3
3:06-CV-0098-RRB

Defendants' Motion to Dismiss First Amended Complaint at Docket 26 is hereby **GRANTED.**

ENTERED this 6th day of December, 2006.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE